UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACOB ANDREW BERGERON,**<br><br>Petitioner,<br><br>v.<br><br>UNKNOWN STATE AGENTS,<br><br>Respondents. | **No. LA CV 19-05894-VBF-RAO**<br><br>ORDER<br><br>SUMMARILY DISMISSING HABEAS PETITION WITHOUT PREJUDICE FOR LACK OF COGNIZABLE HABEAS CLAIM<br><br>DIRECTING ENTRY OF SEPARATE JUDGMENT<br><br>TERMINATING THE CASE **(JS-6)** |

**BACKGROUND.** On July 9, 2019, California state prisoner Jacob Andrew Bergeron ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"). Dkt. No. 1. The Petition alleges that, while petitioner was leaving a Pizza Buffet restaurant in Canton, Georgia, on June 30, 2019, an unknown agent of the State of Georgia recklessly bumped into Petitioner and that Petitioner and his family were almost struck by another vehicle as they left the restaurant as a consequence. Pet. at 3. Petitioner claims that he is being retaliated against for unspecified recent and past court filings. *Id*. at 3-4. Petitioner seeks relief in the form of an order requiring the commencement of a federal investigation into the matters set forth in the petition. *Id*. at 4.

**LEGAL STANDARD.** Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**ANALYSIS.** "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500.

Here, Petitioner, who is not incarcerated, is not attacking the legality or duration of any confinement. Because there is no claim before the Court that Petitioner is in custody in violation of federal law, the Court cannot entertain the Petition as a petition for writ of habeas corpus.

If a habeas petition is amenable to conversion to a civil rights claim on its face, meaning that it names the correct defendants and seeks the correct relief, then the Court may construe the Petition to plead a cause of action under 42 U.S.C. § 1983 after notifying and obtaining informed consent from the petitioner. *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc).

To state a claim under Section 1983, a plaintiff must plead that a "person" acting under color of state law caused a deprivation of plaintiff's federal constitutional rights or limited federal statutory rights. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Here, Petitioner fails to sufficiently allege any facts sufficiently tending to demonstrate how the unknown state agent in Georgia was involved in an alleged deprivation of his constitutional rights. Accordingly, the Court in its discretion declines to convert this action into a civil-rights complaint.

## ORDER

**The purported habeas corpus petition is DISMISSED without prejudice.**

The Court will rule on a certificate of appealability by separate order.

Final judgment will be entered consistent with this Order. As required by Fed. R. Civ. P. 58(a), judgment will be entered as a separate document.

The case SHALL BE TERMINATED (JS-6) and closed.

IT IS SO ORDERED.

Date: July 22, 2019

*Valerie Baker Fairbank*

HON. VALERIE BAKER FAIRBANK
Senior United States District Judge